IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANTOINE MAURICE MOORE,** | CASE NO. 3:24 CV 0001 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **GREGORY LONG,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

*Pro se* Plaintiff Antoine Maurice Moore filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1). He did not pay the filing fee and instead filed an Application to Proceed *In Forma Pauperis* ("IFP"). (Doc. 2). Moore, however, did not make a sincere attempt to complete the form. Instead, he indicated "$ 0.00" in every blank. *See id.* He states, "I'm only receiving SNAP benefits[.] I'm homeless and do not have a job." (Doc. 2, at 5).

The information provided is inconsistent with other information Plaintiff provided in his Complaint and his IFP Application. For example, Plaintiff states he is receiving Supplemental Nutrition Assistance Program ("SNAP") benefits; however, he attaches a letter to his Complaint that indicates he needs to meet the work requirements in order to receive SNAP benefits. *See* Doc. 1-4. Furthermore, in his IFP Application in the space that seeks information on the amount the applicant receives in public assistance, he indicated $ 0.00. (Doc. 2, at 2). He also indicated he spends $ 0.00 on food. *Id.* at 4. In addition, Plaintiff states he is homeless in his IFP Application but lists his address as 711 Locust, apt. # 428, Toledo, Ohio 43604 in his Complaint. (Doc. 1, at 2). He states he has $ 0.00 in utility payments, which includes telephone expenses, but lists his

telephone number in his Complaint. *Compare* Doc. 2, at 4 *with* Doc. 1, at 2. Finally, on his IFP Application, he states he has no bank accounts (Doc. 2, at 2) but, in his Complaint, he alleges that Toledo Police Officers confiscated his bank card and in his request for relief, he seeks damages for "not being able to get to any[] of [his] banking info" (Doc. 1, at 4, 5). Moreover, Plaintiff does not indicate that he is receiving assistance from any family, friends, or social agencies. *See* Doc. 2. He simply states he has no income and no expenses of any kind. *Id.* At best, this suggests Plaintiff did not take the time to properly complete the form. Taken less generously, it appears the Application is not completed truthfully.

In addition, Plaintiff is no stranger to this Court. Prior to filing this case, he has filed ten other civil rights cases, and six habeas petitions. He is familiar with the Court's IFP Application. He was incarcerated for some of those cases and was denied the ability to proceed IFP under the three-strike provision of 28 U.S.C. § 1915(g). Although the three-strike provision does not apply in this case because Plaintiff is no longer incarcerated, he still must demonstrate that he meets the criteria to proceed IFP. He has not done so in this case.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that this action is dismissed without prejudice; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith; and the Court

FURTHER ORDERS that Plaintiff may reopen this case within thirty days of the date of this Order by first paying the full filing fee of $ 405.00 and then filing a Motion to Reopen the Case. The Clerk's Office shall not accept any documents for filing, including a Motion to Reopen

2

3

or a Motion for Reconsideration, unless the full filing fee is paid within thirty days of the date of this Order.

                                             *s/ James R. Knepp II*
                                             UNITED STATES DISTRICT JUDGE